EX PARTE MRS. CHARLES M. BOERMAN, neé MARY L. FORDHAM, Petitioner and Appellant.—AMELIA M. MARRERO, Contestant and Appellee.

No. 3284. Argued December 18, 1924.—Decided April 15, 1925.

1. INHERITANCE—FILIATION—ACKNOWLEDGED NATURAL CHILD—DECLARATION OF HEIRSHIP.—An acknowledged natural daughter, adjudged to be such in an action of filiation against the testamentary heirs of her father and recognized as an heir in all subsequent proceedings, may receive her inheritance without first obtaining a declaration of heirship.

2. ID.—ID.—ID.—DESIGNATION OF HEIR—WILL—PRETERITION OF HEIR.—The testamentary designation of an heir is null and void in case of preterition of an acknowledged natural child adjudged to be such by the courts, inasmuch as she is a forced heir.

3. ID.—ID.—ID.—APPEAL—COLLATERAL ATTACK.—An appeal from an order of a district court approving a partition of an estate having been dismissed, that order can not be attacked again in subsequent proceedings.

4. ID.—ID.—ID.—PARTIES DEFENDANT.—In an action of filiation only the heirs of the alleged father are necessary parties defendant and the executor or administrator need not be joined.

5. ID.—ID.—ID.—PARTITION—CHARGES AGAINST NATURAL CHILD.—In the partition of an estate an acknowledged natural child can not be charged with any part of the expenses incurred by the testamentary heirs in opposing her action of filiation.

6. ID.—ID.—ID.—ADMINISTRATOR—COMPENSATION. — The compensation to which the administrator of an estate is entitled is not a certain percentage of the value, but of the products of the estate.

7. ID.—ID.—ID.—WIDOW—PROVISIONAL SUPPORT. — A widow is not entitled to provisional support in addition to her share in the estate.

District Court of Ponce, R. Díaz Cintrón, J. Order approving report of referee appointed to revise the accounting of the administratrix. *Affirmed*.

*Martínez Nadal, Tormes & Colón* for the appellant. *Eduardo Flores Colón* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order of the District Court of Ponce of July 30, 1923, approving the report of the referee appointed by that court to audit the accounts rendered by the administratrix of the estate of Charles M. Boerman.

Boerman died in Ponce on January 30, 1915, leaving

a will made on October 4, 1914. He declared in the will that he had no children, and designated his wife and his mother as his heirs in equal shares. He left a legacy of $5,000 to the girl Amelia Marrero and directed that any beneficiary who might attack the will should forfeit her inheritance.

The widow, Mary Lavinia Fordham Boerman, the appellant, moved that she be appointed administratrix of the estate and it was so ordered by the court on June 6, 1917.

On November 24, 1915, the legatee, Amelia Marrero, brought an action to show that she was the acknowledged natural daughter of Boerman. The District Court of Ponce rendered judgment in favor of the plaintiff on December 20, 1917. The widow appealed to this Supreme Court and on July 21, 1919, the appeal was dismissed. 27 P.R.R. 649. Thereupon, on December 20, 1919, the widow appealed to the United States Circuit Court of Appeals for the First Circuit. She furnished security for the costs, but filed no supersedeas bond. On May 12, 1921, the Circuit Court affirmed the judgment of the Supreme Court (273 Fed. Rep. 61), thus establishing for all time that Amelia Marrero was the acknowledged natural daughter of Boerman.

On November 4, 1919, Amelia Boerman y Marrero moved the district court for the appointment of a partitioner and the court appointed attorney Gustavo Rodríguez as such. The partitioner presented a report which covers pages 28 to 57 of the transcript. An inventory having been made of the properties, experts appraised them at $86,831.50. The partitioner took as a basis the will and the law for the reason that necessarily the will was changed by virtue of the judgment in the action of filiation. He liquidated the conjugal partnership and after allotting one-half of the community property to the widow he proceeded to liquidate the the hereditary estate, allotting one-half of it to the mother. The widow was given the usufruct of one-third of the es-

tate, taken from the free half. The natural daughter was allotted one-fourth of the estate, but of some of the properties she was allotted only the nude ownership, inasmuch as the widow's third and the daughter's fourth had to be taken from the same half of the estate, *i. e.*, the half subject to free disposal, the widow's third having preference. The nude ownership of the properties given in usufruct to the widow was also distributed. Such was the division of the estate. The report was attacked by the widow. The court approved it on October 20, 1920. The widow appealed to this court from the order of approval and her appeal was dismissed, the order becoming final.

At this stage Amelia Boerman y Marrero moved that the administratrix render an accounting and that a referee be appointed to audit it and report. The accounting was rendered and attorney F. Manuel Toro was appointed referee. He took it under consideration, heard the parties on various days, preserved their statements in writing, examined the documents, considered all of the previous circumstances and presented two reports which cover pages 74 to 200 of the transcript. The widow objected to the reports. The court approved them and from the order of approval, as said at the beginning, the present appeal was taken.

In her brief the appellant assigns twenty errors. The appellee did not appear at the hearing on the appeal, nor file a brief. The trial judge filed no opinion.

The appellant contends repeatedly that Amelia Marrero is entitled to nothing, because she has not been declared an heir; that Boerman's will should be followed, because it has not been declared void, and that the partition approved on October 20, 1920, is without effect.

[1] Amelia Boerman y Marrero is the acknowledged natural daughter of Boerman. This is settled. From the record brought up it does not appear that there was any

proceeding for the designation of heirs, but it does appear that she acted as an heir before the court having jurisdiction to declare her an heir and that the said court considered her as such, the incidental statement of the said court to which the appellant refers not being important, as it only tended to preserve the *status quo* with regard to the income of the legacy until the action of filiation should be finally decided. That an acknowledged natural child is an heir was held in the case of *Méndez* v. *Martínez*, 26 P.R.R. 87. And that the status of heir may be established without instituting proceedings for the declaration of heirship was held in the same case, based on the cases of *Morales et al.* v. *Landrau et al.*, 15 P.R.R. 761; *Soriano* v. *Rexach*, 23 P.R.R. 531, and others.

[2] The will could not prevail as an entirety. It ignored an heir at law and, in accordance with the express provision of section 802 of the Civil Code, the designation of heirs in the will became void.

[3] The partition is valid. It was attacked by the widow in the district court and the court approved it. The widow appealed and her appeal, as said, was dismissed. It can not be attacked again in this appeal.

[4] In raising her appeal Mrs. Boerman stated that she did so as testamentary heir, as widow and as executrix and administratrix, and in her capacity of executrix and administratrix she attempts in her brief to attack all of the proceedings, claiming that they are void because she was not made a party defendant as such executrix and administratrix. This question was decided on January 6, 1925, against the appellant by the United States Circuit Court of Appeals for the First Circuit by the following holding:

"Under Civ. Code Porto Rico, secs. 192, 194, in a suit for filiation brought after the death of the alleged parent, only the persons constituting the succession are necessary parties defendant and it is not necessary to join his personal representative, notwithstand-

ing Code Civ. Proc. Porto Rico, sec. 41." *Boerman* v. *Marrero et al.,* 3 Fed. Rep. (2nd S.) 241, syl.

It seems opportune to say that the referee accepted the accounts of the administratrix as presented by her in so far as the income was concerned. The difficulty arose in the distribution of the income and the approval of the expenses. For example, taking the will as a basis, the administratrix considered certain properties as community property and took for herself what she thought belonged to her. When the partition was made it was found that some of the properties which appeared in the will as community property had been acquired by Boerman while unmarried. The partitioner considered them as separate property and for the distribution of the rents and profits the referee relied on the partition and not on the will. Perhaps the appellant may be right in some of her objections regarding the repairing of houses and payment of mortgages, but it is too late to discuss such objections. The appeal in which they could have been raised and considered was dismissed.

The same is the case regarding the designation of heirs. The appellant always goes back to the will. The referee to the partition. According to the will one-half of the estate and, therefore, one-half of its products, belonged to the widow. But the designation of heirs became void because of the omission of the daughter, its nullity was recognized in the partition and then under the law the widow was entitled to only one-third of the estate and consequently to only one-third of its products.

[5] As far as the expenses are concerned, the appellant can not complain of the report. All of the expenses incurred in connection with the administration and protection of the properties are accepted by the referee, but how can the natural daughter be charged with a part of the expenses incurred in actions brought against her? Nor should she

be charged with a part of the widow's traveling expenses to the United States, except those of her trip accompanying the remains of her husband. The other trips were made in connection with the suits against the natural daughter. The referee equitably divided these expenses between the widow and the mother.

[6] As regards the compensation of the administratrix, it is impossible to accept the theory of the appellant that the value of the estate must determine the compensation. The referee ascertained it from the products of the estate, in conformity with section 53 of the Special Legal Proceedings Act, which reads as follows:

"Each administrator and executor, unless the will under which he is appointed provides to the contrary, shall be entitled to be paid from the estate, as compensation for this services, five per centum on sums received in the course of administration, * * *".

[7] Sections 50 of the Special Legal Proceedings Act and 1340 of the Civil Code have not been infringed, as alleged by the appellant. If the widow had been assigned an allowance for her support, it would have been deducted from her share in the rents and profits. Section 1340, *supra,* provides that "Support shall be given out of the property owned in common to the surviving spouse and to his or her children, pending the liquidation of the inventoried estate and until their share has been delivered to them, but it shall be deducted from their portion in so far as it exceeds what they should have received as fruits or income." As the widow was given nothing for her support, there was nothing to deduct and she was allotted her full share in proportion to her interest in the estate. To ask for the allotment of something more for support would be to go against reason and the law.

It is not necessary to discuss the other assignments, either for the purposes of justice or jurisprudence. Even the most of those already considered are unimportant. The appel-

lant is confused regarding the will of her husband. Everything which departs from its directions seems to her unjust and inadmissible. But she must accept the facts, which were the basis of the referee's report and of the court's approval.

The appeal must be dismissed and the order appealed from affirmed.